UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIN POOLE,

        Plaintiff,

-against-

NYCHA; NYC FD; NYC; N.Y. STATE,

        Defendants.

20-CV-0231 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated March 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings his claims using the civil rights complaint form provided by the United States District Court for the Eastern District of New York.[1] He checks the box on the form indicating that he brings his claims under 42 U.S.C. § 1983. Where asked which of his federal constitutional or statutory rights are being violated by state or local officials, Plaintiff writes, "N.Y. City, N.Y. State." (ECF No. 1, at 3.)[2] In response to the question on the form that asks, "If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?," Plaintiff writes, "Negalgience [sic] Not federal, city and state." (*Id.*)

The following facts are taken from the complaint. On November 22, 2019, at an apartment building located at 1390 Fifth Avenue, New York, New York, Plaintiff got trapped inside a broken elevator.[3] He attempted to contact the fire department by using the elevator's emergency call button, but the button did not work. Plaintiff did not have good cell phone service in the elevator, and the emergency intercom was also broken. Plaintiff was eventually able to call 911.

Plaintiff alleges that it took the fire department, which is located across the street from 1390 Fifth Avenue, two-and-a-half hours to come to his aid, and it took them another 30 to 40 minutes to get him out of the elevator.[4] Plaintiff told the fire department officers that he felt like he "was going to pass out." (*Id.* at 7.) Once the officers rescued Plaintiff from the elevator, they

---

[1] Plaintiff originally filed this complaint in the Eastern District of New York. By order dated January 8, 2020, Judge Brodie transferred this action to this Court. (ECF No. 4.)

[2] Page numbers refer to those generated by the Court's electronic filing system.

[3] It appears that the apartment building where these events occurred is managed by Defendant New York City Housing Authority ("NYCHA").

[4] It is unclear from the complaint whether the fire department arrived two-and-a-half hours after Plaintiff called 911, or whether because of the broken emergency call button and lack of cell service, Plaintiff was unable to call 911 for two-and-a-half hours after the elevator broke.

"[n]ever asked me if I was OK and if I felt like I was going to pass out or anything they just grabbed the[ir] gear and left." (*Id.*) Plaintiff maintains that his blood pressure was so high that he thought he was going to have a heart attack. (*Id.* at 5.)

Plaintiff states, "I am suing the City and the State and the NYFD for [n]egligence because I could have passed out or even died because of the[ir] time span of being late to [r]escue me when they were right across the street." (*Id.*)

He seeks an injunction ordering NYCHA and the City of New York to "modify and [r]epair all problems with the elevator systems," *id.* at 5, as well as $75 million in money damages, *id.* at 8.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

3

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff asserts his claims using a federal court form that invokes 42 U.S.C. § 1983, but the complaint does not plead facts that give rise to a federal claim. Plaintiff's allegations suggest that he is asserting state-law claims of negligence. In fact, he repeatedly states that he is suing the Defendants "for negligence." (*See, e.g.*, ECF No. 1, at 3, 7, 8.)

Plaintiff does not invoke the Court's diversity jurisdiction, nor does he allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that he resides in New York and all Defendants are New York State or New York City governmental entities. Complete diversity of citizenship is therefore precluded.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. The Court dismisses the complaint without prejudice to Plaintiff refiling his claims in state court.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court dismisses the complaint without prejudice to Plaintiff refiling his claims in state court.

SO ORDERED.

Dated:   March 23, 2020
            New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.